IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MEE MEE BROWN,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN KROLL, Facility Operating Officer at Norfolk Regional Center, In Their Individual Capacities; BEVERLY LEUSHEN, Licensed Administrative Program Therapist, In Their Individual Capacities; KATHY HERRON, Licensed 3-East Unit Supervisor, In Their Individual Capacities; TABITHA WAGGONER, Provisionally Licensed Group Facilitator and Social Worker, In Their Individual Capacities; and RHONDA WILSON, Registered Nurse, In Their Individual Capacities;<br><br>        Defendants. | 8:17CV294<br><br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the court on Plaintiff's Memorandum and Motion for an Enlargement of Time. (Filing No. 14.) Plaintiff seeks an enlargement of time to respond to Defendants' Motion for Summary Judgement (Filing No. 11) and also requests "time allowing Plaintiff to serve Interrogatories, and Declarations on all named Defendants, and Plaintiff's Witnesses." (Filing No. 14 at CM/ECF pp.2–3.) Within the text of her Motion, Plaintiff cites Federal Rules of Civil Procedure 56(f)[1] and 37[2] (motions to compel disclosure or discovery).

---

[1] Fed. R. Civ. P. 56(f) states: "After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."

Plaintiff asserts that she

> has been continuously denied her right to serve, or receive relevant declarations from [5 named] patients . . . , as well as . . . from all Defendant[s] . . . not only because of the Defendants['] Motion for Summary Judgment and Stay of Production,[3] but also due to the Attorney General (Ryan Gilbride) and Named Defendants . . . misleading this court in [denying that] a 10 ft. No Contact Order [has not been placed] on the plaintiff and 'Jonathan Messing," out of retaliation.

(Filing No. 14 at CM/ECF p.1–2.) Plaintiff claims that due to her "current status," she has not been allowed to serve discovery requests on any of the Defendants, and if allowed to do so, Plaintiff "can show clear and convincing facts on how Plaintiff is being discriminated against" and "provide proof of a genuine issue of material fact[]." (*Id*. at CM/ECF p.2.)

Pursuant to NECivR 7.1(b)(1)(B), Plaintiff is required to respond by December 20, 2017, to Defendants' Motion for Summary Judgment filed on November 29, 2017. Defendants filed their Motion for Summary Judgment only eight days after all Defendants filed an answer on November 21, 2017, and before the court had entered a progression order. In their motion, Defendants argue not only that they are immune from suit based on the qualified immunity doctrine, but also that the evidence fails to establish a cause of action on either of Plaintiff's constitutional claims. (*See* Filing No. 12.) Accordingly,

---

[2] The citation to Rule 37 arises from Plaintiff's reference to a ruling of this court made in another of Plaintiff's pending civil actions, which permitted Plaintiff to bring a motion to compel pursuant to Fed. R. Civ. P. 37 if she made "a request for specific, relevant information from a named patient and identified treatment-team members . . . prevented the exchange of such relevant information." *Brown v. Dawson, et al.*, Case No. 8:16-cv-569 (D.Neb.) (Filing No. 33 at CM/ECF p.3.) That ruling is not controlling here.

[3] It appears Plaintiff is again referring to a ruling from one of her other pending cases as no "Stay of Production" has been entered in this case.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Enlargement of Time (Filing No. 14) is granted. Plaintiff shall have **January 18, 2018**, to file any response to Defendants' pending summary judgment motion.

2. The court shall enter a separate progression order in order to progress this case to final resolution and permit the parties to make appropriate discovery requests. *See* Fed. R. Civ. P. 56(d).

Dated this 19th day of December, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge