IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MEE MEE BROWN, | |
| Plaintiff, | 8:17CV294 |
| vs. | |
| JOHN KROLL, Facility Operating Officer at Norfolk Regional Center, In Their Individual Capacities; BEVERLY LEUSHEN, Licensed Administrative Program Therapist, In Their Individual Capacities; KATHY HERRON, Licensed 3-East Unit Supervisor, In Their Individual Capacities; TABITHA WAGGONER, Provisionally Licensed Group Facilitator and Social Worker, In Their Individual Capacities; and RHONDA WILSON, Registered Nurse, In Their Individual Capacities; | **MEMORANDUM AND ORDER** |
| Defendants. | |

This matter is before the court on Plaintiff's Motion for Enlargement of Time. ([Filing No. 24](#)). Plaintiff represents to the court that she spoke to counsel for Defendants, Ryan Gilbride, and they agreed to a 30-day extension until February 17, 2018, for Plaintiff to serve interrogatories on Defendants.[1] Plaintiff asks the court to enter an order granting that extension.

The court previously extended Plaintiff's time to respond to Defendant's summary judgment motion to January 18, 2018, and entered a progression order requiring interrogatories to be served by that same date. ([Filing No. 15](#); [Filing No.

---

[1] The court notes Plaintiff's motion is not in the proper form to constitute a binding agreement, stipulation, or consent between parties. See NECivR. 7.3.

16.) Plaintiff filed a summary judgment motion in response to Defendants' Motion for Summary Judgment on January 22, 2018. (*See* Filing No. 22; Filing No. 23.) Three days later, on January 25, 2018, Plaintiff filed this Motion for Enlargement of Time. (Filing No. 24.) Thereafter on January 29, 2018, Defendants filed their brief in reply to Plaintiff's Motion for Summary Judgment. (Filing No. 25.)

The court finds Plaintiff's Motion for Enlargement of Time should be denied. Plaintiff has made no showing how the declarations and interrogatories she wishes to submit to Defendants are relevant to her claims. *See Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) ("Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case."). Nor has Plaintiff shown that the declarations and interrogatories she seeks to serve are relevant or "essential" to resisting Defendants' Motion for Summary Judgment. *See* Fed. R. Civ. P. 56(d). Defendants' Motion for Summary Judgment raises qualified immunity and is now fully briefed and ripe for resolution. Given Plaintiff's failure to provide any sort of justification for the need for this discovery, either in her motion or in her response to Defendants' summary judgment motion, the court will not grant her request. Accordingly,

IT IS ORDERED that: Plaintiff's Motion for Enlargement of Time (Filing No. 24) is denied.

Dated this 6th day of February, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge